UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL ORTIZ,
      Plaintiff,

v.      No. 5:16-cv-06703

CEDAR CREST COLLEGE,
      Defendants.

**O P I N I O N**
**Defendant's Motion for Reconsideration, ECF No. 44 – Denied**

**Joseph F. Leeson, Jr.**      January 12, 2018
**United States District Judge**

## I. BACKGROUND

On December 18, 2017, this Court granted summary judgment in favor of Defendant Cedar Crest College, Plaintiff Michael Ortiz's former employer, on Ortiz's claims that he was unlawfully terminated based on his age and national origin. This Court concluded that Ortiz failed to establish a prima facie case of discrimination and, regardless, failed to rebut the College's showing of legitimate non-discriminatory reasons for his termination. On January 3, 2018, Ortiz filed a Motion for Reconsideration. For the reasons set forth below, the Motion is denied.

## II. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for

summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Nor may a party 'submit evidence which was available to it prior to a court's grant of summary judgment.'" *Gay v. Rorer*, No. 16-6634, 2018 U.S. Dist. LEXIS 696, at *5 (E.D. Pa. Jan. 3, 2018) (quoting *Tobin v. Gen. Elec. Co.*, No. 95-4003, 1998 U.S. Dist. LEXIS 693 (E.D. Pa. 1998)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III.    ANALYSIS**

In his first challenge, Ortiz asserts that this Court overlooked the Third Circuit's holding in *Pivirotto* that the "central focus" of the prima facie inquiry is whether the employer is treating "'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Pivirotto v. Innovative Sys.*, 191 F.3d 344, 352 (3d Cir. 1999) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). To support this argument, Ortiz takes portions of this Court's opinion out of context and omits the analysis discussion surrounding these quotes. *See* Mot. Recon. 3, ECF No. 44 (quoting Op. 7-8, ECF No. 42). Furthermore, Ortiz completely disregards this Court's determination regarding his age discrimination claim that:

> . . . a plaintiff may establish a prima facie case of age discrimination by showing that younger employees were treated more favorably. S*teinagel v. Valley Oral Surgery*, No. 12-cv-05645, 2013 U.S. Dist. LEXIS 141146, at *19-20 (E.D. Pa. Sept. 30, 2013). Ortiz makes no such allegations in this case, nor is there any evidence that younger employees were treated more favorably, to permit a reasonable inference of age discrimination.

Op. 6 n.2. He also ignores this Court's finding as to his national original discrimination claim that:

> "The central focus in a discrimination case is "whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15. (1977)). Ortiz offers no evidence that he was treated any differently based on his national origin.

Op. 12. Both of these statements reflect that the Court conducted the inquiry discussed in *Pivirotto*, and Ortiz has not presented any facts that the Court may have overlooked in conducting its analysis.

In his second challenge, Ortiz inexplicably suggests that this Court "overlook[ed] the point that to 'provide evidence' by which 'the presumption would nevertheless be rebutted' is not to prevail." *See* Mot. Recon. 4. There is nothing in this Court's opinion that could possibly be construed as reaching this conclusion. Rather, as the next section of Ortiz's Motion acknowledges, the Court did not end its McDonnell Douglas inquiry after finding that the College had rebutted the presumption[1] of discrimination by articulating legitimate, nondiscriminatory reasons for its decision to terminate Ortiz; rather, this Court went on to discuss whether Ortiz provided any evidence "'from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" Op. 9 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)).

---

[1] By concluding that Ortiz had not made out a prima facie case of discrimination, the Court could have stopped the McDonnell Douglas inquiry after step one. Nevertheless, this Court, assuming arguendo that Ortiz had met this burden, continued to the second and third steps of the analysis. In his Motion for Reconsideration, Ortiz suggests only that the Court did not complete the third and final step of the analysis.

Accordingly, Ortiz has not shown that there is any need to correct a clear error of law or fact or a manifest injustice.

Next, Ortiz misconstrues this Court's finding that "[t]here is no evidence that the College denied Ortiz training or software based on any discriminatory reasons," as overlooking the fact that Ortiz never made such a claim. *Cf.* Mot. Recon. 4-5, *with* Op. 10-11. This Court did not believe that Ortiz made such a claim. Rather, the Court considered all of Ortiz's arguments and evidence that could possibly rebut the College's legitimate reason for his termination, including his assertions that he did not receive proper training and was not permitted to purchase and install the necessary software that could have prevented the server crash. In considering Ortiz's allegations to this effect, the Court simply noted that there was no evidence to suggest that the College denied Ortiz training or software based on any discriminatory reasons. That this Court did not misconstrue his arguments is supported by the very next sentence of the Opinion: "Instead, Ortiz relies on the discriminatory comments made to him by his supervisor, Kathy Cunningham, as evidence of pretext." Op. 11.

Ortiz also seeks reconsideration because he disagrees with this Court's conclusion that he failed to show a prima facie case of national origin discrimination and that he failed to show that the College's legitimate, nondiscriminatory reasons for terminating him were pretextual. *See* Mot. Recon. 5-6. He once again points to the discriminatory statements allegedly made by Ms. Cunningham regarding his national origin, which this Court considered and found to be insufficient. He also argues that the statements allegedly made by President Meade regarding his age, which were insufficient to state an age discrimination claim, were sufficient to state a national origin claim. *Id.* He does not, however, cite to any evidence that this Court did not discuss in its Opinion. Rather, he simply disagrees with the Court's conclusion. Because a

motion for reconsideration is not a vehicle for Ortiz to obtain a second bite of the apple, the motion is denied. *See Yang v. AstraZeneca*, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at *2-3 (E.D. Pa. Aug. 29, 2005) ("A motion for reconsideration is not intended to provide a losing party with a second bite at the apple."); *Tobin v. GE*, No. 95-4003, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 26, 1998) ("A motion for reconsideration is also not properly grounded on a request that a court rethink a decision it has already made.").

## IV. CONCLUSION

In his Motion for Reconsideration, Ortiz takes many of this Court's statements out of context in an attempt to support his arguments. He also ignores significant portions of the Opinion. Ortiz has not pointed to an intervening change in the law, to any new evidence that was not available when the Court granted the motion for summary judgment,[2] or shown any clear errors of law or fact that need to be corrected. The Motion for Reconsideration is merely Ortiz's attempt at a second bite of the apple. Because motions for reconsideration should be sparingly granted, the Motion is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] Attached to the Motion for Reconsideration is a declaration by Ortiz dated January 2, 2018. However, Ortiz does not argue that any information in this declaration was not previously available to him. Because a party may not submit evidence in a motion for reconsideration that was previously available, *see Gay*, 2018 U.S. Dist. LEXIS 696, at *5, this Court has not considered this declaration in deciding the Motion for Reconsideration.

5
011218